UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

GERALD P. CZUBA, individually
and on behalf of a Class of others
similarly situated,

      Plaintiff

v.

IKO MANUFACTURE, INC., a
Delaware Corporation,

      Defendant.

Case No. _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This is a putative class action on behalf of Gerald P. Czuba (the "Plaintiff") and a class of all others similarly situated against IKO Manufacturing, Inc. (the "IKO"), the manufacturer of various asphalt and natural fiber shingles (the "Shingles").

2. In stark contrast to IKO's glowing representations and warranties concerning their shingles, the product is severely defective. Yet IKO continues to sell it to the public and continue to make their false representations and warranties, despite the fact that the product is a ticking time-bomb that will eventually cause consumers massive property damage and substantial removal and replacement costs.

3. This class action seeks damages, punitive damages, injunctive relief, costs, attorneys' fees, and other relief as a result of IKO's willful, wanton, reckless, and/or grossly negligent conduct in causing consumers' homes to be in a dangerous, defective, unsafe, and unfit condition for habitation.

1

## FACTUAL ALLEGATIONS

4. This is a consumer class action on behalf of all persons and entities who purchased IKO shingles manufactured or distributed by IKO under various trade names.

5. Defendant IKO Manufacturing, Inc. is a Delaware corporation that produces roofing shingles for sale nationwide. IKO manufactured and marketed roofing shingle products sold under various brands and product names. The Shingles, which are composed of asphalt, natural fibers, filler and mineral granules have been marketed and warranted by Defendant as durable, and as offering long-lasting protection. The Shingles have been marketed and warranted by Defendant as durable, and as offering long-lasting protection.

6. IKO manufactured, warranted, advertised and sold defective Shingles to tens of thousands of consumers throughout the United States. Defendant failed to adequately design, formulate, and test the Shingles before warranting, advertising and selling them as durable and suitable roofing products. Defendant warranted, advertised and sold to Plaintiff and the Class Shingles that Defendant reasonably should have known were defectively designed, failed prematurely due to moisture invasion, cracking, curling, blistering, deteriorating, blowing off the roof and otherwise not performing in accordance with the reasonable expectations of Plaintiff and the Class that such products be durable and suitable for use as roofing products. As a result, Plaintiff and the Class have experienced continuous and progressive damage to their property.

7. Defendant's sales brochure stated that the Shingles were, among other things "[t]ime-tested and true" and "an excellent choice for exceptional roofing value."

8. IKO has consistently represented to consumers that it is "Setting the Standard" for "quality, durability, and innovation." Defendant has not lived up to that promise.

9. IKO markets its warranty as "IRON CLAD."

10. Plaintiff's Shingles have begun to fail, are failing and will fail before the time periods advertised, marketed and guaranteed by IKO.

11. As a result, Plaintiff and the Class have suffered actual damages in that the roofs on their homes, buildings and other structures have and will continue to fail prematurely, resulting in damage to the underlying structure and requiring them to expend thousands of dollars to repair the damages associated with the incorporation of the Shingles into their homes, buildings and other structures or to prevent such damage from occurring. Damage caused by the defective shingles has included, but is not limited to: damage to underlying felt; damage to structural roof components, damage to plaster and sheetrock, and damage to walls and ceiling structural components.

12. Because of the relatively small size of the typical individual Class member's claims, and because most homeowners or property owners have only modest resources, it is unlikely that individual Class members could afford to seek recovery against Defendant on their own. This is especially true in light of the size and resources of the Defendant. A class action is, therefore, the only reasonable means by which Class members can obtain relief from this Defendant.

13. The class Shingles suffer from a set of common defects, as described herein. Despite receiving a litany of complaints during the Class Period from consumers, such as Plaintiff

and the members of the Class, Defendant has refused to effectively notify consumers of the defects, or repair the property damaged by the defects.

## PARTIES

14. At all relevant times Plaintiff and class representative Gerald P. Czuba was a citizen of Elma, New York with an address of 1370 Bullis Road, Elma, New York 14059. Mr. Czuba purchased a new home outfitted with IKO Shingles in approximately 1997. He first became aware of the problem with his shingles in approximately 2006 and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before Plaintiff filed this Complaint.

15. Defendant IKO Manufacturing is a Delaware corporation and operates a manufacturing plant in Wilmington, Delaware. IKO is a leading North American manufacturer of roofing materials. The company operates manufacturing plants in the United States, Canada, and Europe.

## JURISDICTION AND VENUE

16. Defendant, IKO is a Delaware corporation that conducts substantial business in New York, including the sale and distribution of the Shingles in New York and has sufficient contacts with New York or otherwise intentionally avails itself of the laws and markets of New York, so as to sustain this Court's jurisdiction over Defendant.

17. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) in that Plaintiff is a class member and citizen of New York. Class Members, as defined below, are all citizens of New Jersey. Defendant is a citizen of Delaware and the amount in controversy exceeds Five Million Dollars ($5,000,000.00).

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391, *et seq.* because a substantial part of the events or omissions giving rise to this claim occurred in the state of New York.

## CLASS ALLEGATIONS

19. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and case law thereunder on behalf of Plaintiff and all others similarly situated, with the Class defined as follows:

> All individuals and entities that have owned, own, or acquired homes, residences, buildings or other structures physically located in the State of New York on which IKO Shingles are or have been installed since 1979. IKO Shingles are defined to include without limitation all fiberglass-based asphalt shingles manufactured or distributed by IKO. Excluded from the Class are Defendants, any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant, and Defendant's legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

20. Members of the Class are so numerous that their individual joinder is impracticable. The proposed class contains hundreds and perhaps thousands of members. The precise number of Class members is unknown to Plaintiff. However, upon information and belief, Plaintiff believes it is well in excess of 1,000. The true number of Class members is likely to be known by Defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

21. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, and all Class members, own homes, residences, or other

structures on which defective Shingles manufactured by Defendant have been installed. Those Shingles have failed, and will continue to fail, prematurely. The representative Plaintiff, like all Class members, has been damaged by Defendant's conduct in that they have suffered damages as a result of the incorporation of the defective Shingles into their homes or structures. Furthermore, the factual bases of Defendant's conduct are common to all Class members and represent a common thread of negligent conduct resulting in injury to all members of the Class.

22. There are numerous questions of law and fact common to Plaintiff and the Class, and those questions predominate over any questions that may affect individual Class members, and include the following:

   a. Whether the Shingles are defective in that they are subject to moisture penetration, cracking, curling, blistering, blowing off the roof, prematurely fail, and are not suitable for use as an exterior roofing product for the length of time advertised, marketed and warranted;

   b. Whether Defendant should have known of the defective nature of the Shingles;

   c. Whether Defendant owed a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture and marketing of the Shingles;

   d. Whether Defendant breached its duty to Plaintiff and the Class by designing, manufacturing, advertising and selling to Plaintiff and the Class defective Shingles and by failing promptly to remove the Shingles from the marketplace or take other appropriate remedial action;

e. Whether the Shingles failed to perform in accordance with the reasonable expectations of ordinary consumers;

f. Whether the benefits of the design of the Shingles do not outweigh the risk of their failure;

g. Whether the Shingles fail to perform as advertised and warranted;

h. Whether Plaintiff and the Class are entitled to compensatory damages, and the amount of such damages; and

i. Whether Defendant should be declared financially responsible for notifying all Class members of their detective Shingles and for all damages associated with the incorporation of such Shingles into Class Members' homes, residences, buildings and other structures.

23. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting statewide, multistate and national consumer class actions, actions involving defective products, and, specifically, actions involving defective construction materials. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class they represent, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the Class.

24. Plaintiff and the members of the Class have all suffered and will continue to suffer harm and damages as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a

class action, the vast majority of the Class members likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law. Because of the relatively small size of the individual Class member's claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's conduct. Further, the cost of litigation could well equal or exceed any recovery. Absent a class action, Class members will continue to incur damages without remedy. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment would conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## ESTOPPEL FROM PLEADING THE STATUTE OF LIMITATIONS

25. Defendant is estopped from relying on any statutes of limitation by virtue of its acts of fraudulent concealment, which include Defendant's intentional concealment from Plaintiff and the general public that their shingles were defective, while continually marketing the Shingles as dependable products that would last for decades. Defendant's acts of fraudulent concealment include failing to disclose that its Shingles were defectively manufactured and would deteriorate in less than half their expected lifetime, leading to damage to the very structures they were purchased to protect. Through such acts Defendant was able to conceal from the public the truth concerning their product.

26. Until shortly before Plaintiff filed his original complaint, Plaintiff had no knowledge that the IKO Shingles they purchased were defective and unreliable. Plaintiff had no reasonable way to discover this defect until shortly before Plaintiff filed his original complaint.

27. Defendant had a duty to disclose that its Shingles were defective, unreliable and inherently flawed in their design and/or manufacturer.

## FIRST CAUSE OF ACTION
### (Negligence)

Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

28. Defendant had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of the Shingles.

29. Defendant breached its duty to Plaintiff and the Class by designing, manufacturing, advertising and selling to Plaintiff and the Class a product that is defective and will fail prematurely, and by failing to promptly remove the Shingles from the marketplace or to take other appropriate remedial action.

30. Defendant knew or should have known that the Shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by Defendant.

31. As a direct and proximate cause of Defendant's negligence, Plaintiff and the Class have suffered actual damages in that they purchased and installed on their homes, residences, buildings and other structures an exterior roofing product that is defective and that fails prematurely due to moisture penetration. These failures have caused and will continue to cause Plaintiff and the Class to incur expenses repairing or replacing their roofs as well as the resultant, progressive property damage.

32. Plaintiff on behalf of himself and all others similarly situated, demands judgment against Defendant for compensatory damages for themselves and each member of the Class, for establishment of a common fund, plus attorney's fees, interest and costs.

## SECOND CAUSE OF ACTION
### (Strict Products Liability)

Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

33. At all relevant times, Defendant was engaged in the business of manufacturing the Shingles which are the subject of this action.

34. The Shingles were expected to and did reach Plaintiff and the Class without substantial change to the condition in which they were manufactured and sold by Defendant.

35. The Shingles installed on Plaintiff's and the Class Members' properties were and are defective and unfit for their intended use. The use of the Shingles has caused and will continue to cause property damage to Plaintiff and the Class.

36. Defendant's Shingles fail to perform in accordance with the reasonable expectations of Plaintiff, the Class, and ordinary consumers, and the benefits of the design of the Shingles do not outweigh the risk of their failure.

37. By reason of the foregoing, Defendant is strictly liable to Plaintiff and the Class.

38. Plaintiff on behalf of himself and all other similarly situated, demands judgment against Defendant for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

## THIRD CAUSE OF ACTION
### (Breach of Express Warranty)

Plaintiff incorporates by reference each of the allegations contained in the preceding paragraph of this Complaint.

39. Defendant marketed and sold its Shingles into the stream of commerce with the intent that the Shingles would be purchased by Plaintiff and members of the Class.

40. Defendant expressly warranted that its Shingles are permanent, impact resistant, and would maintain their structural integrity. Defendant's representatives through its written warranties regarding the durability of, and the quality of the Shingles created express warranties which became part of the basis of the bargain Plaintiff and members of the Class entered into when they purchased the Shingles.

41. Defendant expressly warranted that the structural integrity of the Shingles purchased by Plaintiff and Class members would last at least 20 years and as long as a lifetime.

42. Defendant breached its express warranties to Plaintiff and the Class in that Defendant's Shingles are neither permanent nor impact resistant and did not, and do not, maintain their structural integrity and perform as promised. Defendant's Shingles crack, split, curl, warp, discolor, delaminate, blow off the roof, deteriorate prematurely, and they otherwise do not perform as warranted by Defendant, and they have caused or are causing damage to the underlying roof elements, structures or interiors of Plaintiff's and Class members' homes, residences, buildings and structures.

43. Defendant's warranties fail their essential purpose because they purport to warrant that the Shingles will be free from structural breakdown for as much as 30 years when, in fact, Defendant's Shingles fail far short of the applicable warranty period.

44. Moreover, because the warranties limit Plaintiff's and Class members' recovery to replacement of the Shingles piece by piece, with replacement labor not included, Defendant's warranties are woefully inadequate to repair and replace failed roofing, let alone any damage suffered to the underlying structure due to the inadequate protection provided by the IKO Shingles. The remedies available in Defendant's warranties are limited to such an extent that they do not provide a minimum adequate remedy.

45. The limitations on remedies and the exclusions in Defendant's warranties are unconscionable and unenforceable.

46. Defendant has denied or failed to pay in full the warranty claims.

47. As a result of Defendant's breach of its express warranties, Plaintiff and the Class have suffered actual damages in that they purchased and installed on their homes and other structures an exterior roofing product that is defective and that has failed or is failing prematurely due to moisture penetration. This failure has required or is requiring Plaintiff and the Class to incur significant expense in repairing or replacing their roofs. Replacement is required to prevent on-going and future damage to the underlying roof elements, structures or interiors of Plaintiff's and Class members' homes and structures.

48. Plaintiff on behalf of himself and all others similarly situated, demands judgment against Defendant for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

Plaintiff incorporates by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

49. At all times mentioned herein, Defendant manufactured or supplied IKO Shingles, and prior to the time it was purchased by Plaintiff, Defendant impliedly warranted to Plaintiff, and to Plaintiff's agents, that the product was of merchantable qualify and fit for the use for which it was intended.

50. Plaintiff and Plaintiff's agents relied on the skill and judgment of the Defendant in using the aforesaid product.

51. The Product was unfit for its intended use and it was not of merchantable quality, as warranted by Defendant in that it had propensities to break down and fail to perform and protect when put to its intended use. The aforesaid product did cause Plaintiff to sustain damages as herein alleged.

52. After Plaintiff was made aware of Plaintiff's damages as a result of the aforesaid product, notice was duly given to Defendant of the breach of said warranty.

53. As a direct and proximate result of the breach of said warranties, Plaintiff and the Class members suffered and will continue to suffer loss as alleged herein in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of New York Consumer Protection
### From Deceptive Acts and Practices Laws)

Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

54. The conduct described in this Complaint constitutes a violation of N.Y. Gen. Bus. § 349(a), and §349(h).

55. Plaintiffs and members of the class have been injured as a result of the statutory violations, including misrepresentations and deceptions, described in this Complaint as a result of being induced thereby to purchase IKO Shingles.

56. As a result of these statutory violations of law, Plaintiff and the members of the Plaintiff's class are entitled to receive equitable relief in such form as the Court may deem appropriate to correct or prevent such misconduct and remedy their injuries (including but not limited to, injunctive relief equitable restitution, accounting, and other relief), damages, as well as costs and attorney's fees pursuant to N.Y. Gen. Bus. §349(h).

## SIXTH CAUSE OF ACTION
### (Fraudulent Concealment)

Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

57. At all times mentioned herein, Defendant had the duty and obligation to disclose to Plaintiff the true facts concerning the IKO Shingles; that is that said product was defective and unreliable. Defendant made the affirmative representations as set forth above to Plaintiff, the Class and the general public prior to the date Plaintiff purchased the IKO Shingles while concealing the material described herein.

58. At all times mentioned herein, Defendant had the duty and obligation to disclose to Plaintiff the true facts concerning the IKO Shingles, that is that IKO Shingles were defective, would prematurely fail, and otherwise were not as warranted and represented by Defendant.

59. At all times mentioned herein, Defendant intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiff and with the intent to defraud as herein alleged.

60. At all times mentioned herein, Plaintiff and members of the Class were not aware of the facts set forth above and had they been aware of said facts, they would not have acted as they did, that is, would not have purchased IKO Shingles.

61. As a result of the concealment or suppression of the facts set forth above, Plaintiff and the Class members sustained damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract)

Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

62. Plaintiff and the Class members have entered into certain contracts and warranty agreements with Defendant, including an express warranty. Pursuant to these contracts and agreements, including the express warranty, Defendant would provide Plaintiff and the Class members with Shingles that were of merchantable quality and fit for the use for which they were intended. Defendant was further obligated pursuant to the express warranty to repair or replace any defects or problems with the Shingles that Plaintiff and

15

the Class members experienced. In exchange for these duties and obligations, Defendant received payment of the purchase price for these Shingles from Plaintiff and the Class.

63. Plaintiff and the Class satisfied their obligations under these contracts, warranties and agreements.

64. Defendant failed to perform as required by the express warranty and breached said contracts and agreements because it provided Plaintiff and the Class with Shingles that are defective and unfit for their intended use and failed to appropriately repair or replace the Shingles.

65. As a result of the foregoing, Plaintiff and the Class members are entitled to compensatory damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

66. Substantial benefits have been conferred on Defendant by Plaintiff and the Class and Defendant have appreciated these benefits.

67. Defendant's acceptance and retention of these benefits under the circumstances make it inequitable for Defendant to retain the benefit without payment of the value to the Plaintiff and the Class.

68. Defendant, by the deliberate and fraudulent conduct complained of herein, has been unjustly enriched in a manner that warrants restitution.

69. As a proximate consequence of Defendant's improper conduct, the Plaintiff and the Class members were injured. Defendant has been unjustly enriched, and in equity, should not be allowed to obtain this benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of themselves and all others similarly situated:

a. For an Order certifying the Plaintiff's Class, appointing Plaintiff as Class Representatives, and appointing the undersigned counsel of record as Class counsel;

b. Equitable and injunctive relief enjoining Defendant from pursuing the policies, acts, and practices described in this Complaint;

c. For damages under statutory and common law as alleged in this Complaint, in an amount to be determined at trial;

d. Pre-judgment and post-judgment interest at the maximum rate allowable at law;

e. The costs and disbursements incurred by Plaintiff and his counsel in connection with this action, including reasonable attorneys' fees; and

f. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and the members of the Class hereby demand trial by jury on all issues so triable.

Dated: April 28, 2009

CUNEO GILBERT & LADUCA, LLP

/s/ Charles J. LaDuca

Charles J. LaDuca, Atty., NY Bar # 3975927
Brendan S. Thompson, Atty.
507 C Street NE
Washington, DC 20002
Tel:  202-789-3960
Fax:  202-789-1813

HALUNEN & ASSOCIATES
Clayton D. Halunen, Atty.
Shawn J. Wanta, Atty.
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099


LOCKRIDGE GRINDAL & NAUEN P.L.L.P.
Robert J. Shelquist, Atty.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612.339.6900
Facsimile: 612.339.0981


ALEXANDER, HAWES & AUDET, LLP
Michael A. McShane, Atty.
Jason T. Baker, Atty.
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.982.1776
Facsimile: 415.576.1776

LEVIN, FISHBEIN & BERMAN
Charles Schaffer, Atty.
Arnold Levin, Atty.
510 Walnut Street - Suite 500
Philadelphia, PA 19106-3697
Telephone: 215.592.1500
Facsimile: 215.592.4663