## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| In re:<br>IKO ROOFING SHINGLE PRODUCTS<br>LIABILITY LITIGATION | Case No.: 09-md-2104<br>MDL Docket No. 2104<br>ALL CASES |
| DEBRA ZANETTI and DANIEL<br>TRONGONE, individually and on behalf<br>of themselves and others similarly<br>situated,<br><br>             Plaintiffs,<br>  -v-<br><br>IKO MANUFACTURING INC., a<br>Delaware corporation; IKO<br>INDUSTRIES INC., a Delaware<br>corporation;  IKO INDUSTRIES LTD., a<br>Canadian corporation; IKO MIDWEST<br>INC., an Illinois corporation; and IKO<br>PRODUCTION INC., a Delaware<br>corporation,<br><br>             Defendants. | Case No. 2:09-cv-02293<br><br>SECOND AMENDED<br>COMPLAINT<br>AND<br>JURY DEMAND<br><br>EQUITABLE RELIEF SOUGHT |
| JAMES K. CANTWIL,<br>individually and on behalf of himself and<br>others similarly situated,<br><br>             Plaintiffs,<br>  -v-<br><br>IKO MANUFACTURING INC., a<br>Delaware corporation; IKO<br>INDUSTRIES INC., a Delaware<br>corporation;  IKO INDUSTRIES LTD., a | Case No. 2:09-cv-02298<br><br>SECOND AMENDED<br>COMPLAINT<br>AND<br>JURY DEMAND<br><br>EQUITABLE RELIEF SOUGHT |

1

| | |
|---|---|
| Canadian corporation;<br>IKO MIDWEST INC., an Illinois<br>corporation; and IKO PRODUCTION<br>INC., a Delaware corporation,<br><br>                    Defendants. | |
| GERALD P. CZUBA,<br>individually and on behalf of himself and<br>others similarly situated,<br><br>                    Plaintiffs,<br>   -v-<br><br>IKO MANUFACTURING INC., a<br>Delaware corporation; IKO<br>INDUSTRIES INC., a Delaware<br>corporation;  IKO INDUSTRIES LTD., a<br>Canadian corporation;<br>IKO MIDWEST INC., an Illinois<br>corporation; and IKO PRODUCTION<br>INC., a Delaware corporation,<br><br>                    Defendants. | Case No. 2:09-cv-02295<br><br>SECOND AMENDED<br>COMPLAINT<br>AND<br>JURY DEMAND<br><br>EQUITABLE RELIEF SOUGHT |
| MICHAEL HIGHT and<br>MICHAEL AUGUSTINE,<br>individually and on behalf of themselves<br>and others similarly situated,<br><br>                    Plaintiffs,<br>   -v-<br><br>IKO MANUFACTURING INC., a<br>Delaware corporation; IKO<br>INDUSTRIES INC., a Delaware<br>corporation;  IKO INDUSTRIES LTD., a<br>Canadian corporation;<br>IKO MIDWEST INC., an Illinois<br>corporation; and IKO PRODUCTION<br>INC., a Delaware corporation,<br><br>                    Defendants. | Case No. 2:09-cv-02307<br><br>SECOND AMENDED<br>COMPLAINT<br>AND<br>JURY DEMAND<br><br>EQUITABLE RELIEF SOUGHT |

| | |
|---|---|
| BELINDA CURLER individually and on behalf of herself and others similarly situated,<br><br>                      Plaintiff,<br>  -v-<br><br>IKO MANUFACTURING INC., a Delaware corporation; IKO INDUSTRIES INC., a Delaware corporation;  IKO INDUSTRIES LTD., a Canadian corporation; IKO MIDWEST INC., an Illinois corporation; and IKO PRODUCTION INC., a Delaware corporation,<br><br>        Defendants. | Case No. 2:09-cv-03281<br><br>SECOND AMENDED COMPLAINT<br>AND<br>JURY DEMAND<br><br>EQUITABLE RELIEF SOUGHT |

## AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1.    Plaintiffs Debra Zanetti, Daniel Trongone, James K. Cantwil, Gerald P. Czuba, Michael Hight, Michael Augustine, Belinda Curler, David Greenough, and Vincent Dion on behalf of themselves and other similarly situated, by and through their undersigned counsel, files this Consolidated Class Action Complaint as to the above-captioned matter, and in support thereof state and aver as follows:

## NATURE OF ACTION

2.    This is a consumer class action on behalf of all persons and entities who purchased organic IKO shingles manufactured and/or distributed by Defendants under various trade names by IKO Manufacturing Inc., IKO Industries Inc., IKO Industries Ltd., or IKO Midwest Inc. (collectively "IKO" or "Defendant(s)").

3.     Defendants manufacture and market organic roofing Shingle products under various brands and product names including but not limited to, Chateau (30), Renaissance XL (25 yr), Aristocrat (25), Total (20), Armour Seal (20), Superplus (20), Armour Lock (20), Royal Victorian (25), New Englander (20), Imperial Seal (20), Cathedral XL (25), Ultralock 25 (25), Armour Plus 20 (20), Armour Tite (15), Chateau Ultra Shadow (laminated organic) (30), Cathedral XL (25), Crowne 30 (30), Château East (35), and. Chateau West (35), (hereinafter collectively "Shingles" or "IKO Shingles") for sale nationwide.   Defendant markets and sells the organic Shingles to tens of thousands of consumers throughout the United States  The Shingles have been manufactured, marketed, represented, and warranted by Defendant as durable, suitable, and long-lasting.

4.     IKO markets and warrants all the Shingles, which are composed of asphalt, natural fibers, filler and mineral granules as durable, and as offering long-lasting protection for a specified life ranging from 20 to 50 years, or in some cases, for a lifetime.

5.     IKO's sales brochures state the Shingles are, among other things, "[t]ime-tested and true" and "an excellent choice for exceptional roofing value."

6.     It describes its warranty as "IRON CLAD" and claims it is "Setting the Standard" for "quality, durability, and innovation," but IKO's Shingles have not lived up to that promise.

7.     The asphalt organic Shingles manufactured and sold by IKO are defectively designed and manufactured such that they fail prematurely causing damage to the property of Plaintiffs and members of the Class and forcing them to repair or replace their roofs sooner than reasonably expected.

8.      All of IKO's Shingles are uniformly defective such that Plaintiffs' and Class members' Shingles are failing before the time periods advertised, marketed, and guaranteed by IKO.

9.      IKO knew or reasonably should have known the Shingles are defective as manufactured such that they fail prematurely due to moisture invasion.  The Shingles crack, curl, blister, deteriorate, blow off roofs and otherwise do not perform in accordance with the reasonable expectations of consumers that such products be durable and suitable for use as a roofing products.

10.     Despite receiving a litany of complaints from consumers, such as Plaintiffs and other members of the Class, IKO has refused to convey effective notice to consumers about the defects, and refused to repair defective roofs fully or repair the property damaged by the premature failure of its product.

11.     Even if IKO responds to a complaint, its warranty is woefully inadequate under these circumstances in that it limits Plaintiffs' and Class members' recovery to replacement costs of individual Shingles piece by piece and excludes costs of labor to replace the Shingles.

12.     As a result of these failures, Plaintiffs and the Class have suffered actual damages in that the Shingles on their homes, buildings, and other structures have and will continue to fail prematurely, resulting in damage to the underlying roof and housing structure and requiring them to expend thousands of dollars to repair the damage associated with the incorporation of the Shingles into their homes, buildings, and other structures, and to prevent such damage from continuing.  Damage caused by the defective Shingles has included, but is not limited to: damage to underlying felt, damage to structural roof components, damage to plaster and sheetrock, and damage to walls, ceiling, and structural components.

13.     Because the defects in the Shingles are latent and not detectable until manifestation, Plaintiffs and the Class members were not reasonably able to discover their Shingles were defective until after installation, despite their exercise of due diligence.

14.     The relatively small size of the typical individual Class member's claims, and because most homeowners and/or property owners have only modest resources, it is unlikely that individual Class members could afford to seek a full and fair recovery against Defendant on their own.  This is especially true in light of the size and resources of the Defendant.  A class action is, therefore, the only reasonable means by which Class members can obtain relief from this Defendant.

15.     The asphalt Shingles manufactured and sold by IKO, are defectively designed and manufactured such that they fail prematurely causing damage to the property of Plaintiffs and members of the Class and forcing them to repair or replace their roofs sooner than reasonably expected.

16.     Plaintiffs seek to recover, for themselves and the Class, the costs of repairing the damage to their property and replacing their roofs, or injunctive relief forcing IKO to replace their defective roofs.

**PARTIES**

17.     At all relevant times Plaintiff and class representative Debra Zanetti was a citizen of New Jersey. Ms. Zanetti purchased a new home outfitted with IKO Shingles in approximately 1997. She first became aware of the problem with her Shingles in approximately 2004 and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before Plaintiff filed this Complaint.

6

18.     At all relevant times Plaintiff and class representative Daniel Trongone was a citizen of New Jersey. Mr. Trongone purchased a new home outfitted with IKO Shingles in approximately 1996. He first became aware of the problem with his Shingles in approximately 2006, and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before Plaintiff filed this Complaint.

19.     At all relevant times Plaintiff and class representative Dr. James K. Cantwil was a citizen of Michigan.  Dr. Cantwil purchased a new home outfitted with IKO Shingles in approximately 1995.   He first became aware of the problem with his Shingles in approximately 2008, and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before Plaintiff filed this Complaint.

20.     At all relevant times Plaintiff and class representative Gerald P. Czuba was a citizen of New York.  Mr. Czuba purchased a new home outfitted with IKO Shingles in approximately 1997.   He first became aware of the problem with his Shingles in approximately 2006, and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before he filed this Complaint.

21.     At all relevant times Plaintiff Michael Hight is a citizen of Ohio.  Mr. Hight purchased a new home outfitted with IKO Shingles in approximately 1998.  He first became aware of the problem with his Shingles in approximately 2009 when he noticed his Shingles cracking and otherwise failing.  He had no reasonable way to discover the Shingles were defective until shortly before filing this Complaint. Mr. Hight complained to IKO but IKO refused to provide him any relief.

22.     Plaintiff Michael Augustine is a citizen of New York. Mr. Augustine purchased IKO Shingles in approximately 1996.  He first became aware of the problem with

his Shingles in approximately 2008 when he noticed many of the Shingles had curled or buckled and in some places all the aggregate was completely gone. A roofing contractor advised Augustine the roof was worn out in its entirety.  Augustine had no reasonable way to discover that the Shingles were defective until shortly before filing this Complaint. Augustine complained to IKO but IKO refused to provide him complete relief.

23.     Plaintiff Belinda Curler is a citizen of Nevada, Iowa. Ms. Curler outfitted her home with IKO Shingles in approximately 2001.  She first became aware of the problem with her Shingles in approximately 2004 when Shingles began leaking, losing sand, and otherwise exhibiting signs of failure.   She had no reasonable way to discover the Shingles were defective until shortly before filing this Complaint. Plaintiff contacted IKO to make a warranty claim; however, the company failed to honor the warranty.

24.     Plaintiff David Greenough is a citizen of North Hero, Vermont. Mr. Greenough purchased a new home outfitted with IKO Shingles in approximately 1994.  He first became aware of the problem with his Shingles in approximately 2007 when he noticed his shingles cracking and otherwise failing.  He had no reasonable way to discover the Shingles were defective until shortly before filing this Complaint. The damage caused by the defect in the IKO shingles installed on Greenough's home was so severe that he was forced to replace his roof.

25.     Plaintiff Vincent Dion is a citizen of West Springfield, Massachusetts. Mr. Dion purchased a home outfitted with IKO Shingles in approximately 1996, and installed additional shingles in approximately 2004 after he added an addition to his home.  He first became aware of the problem with his shingles in approximately 2009 when his roof began to leak. Dion inspected his roof and noticed his shingles cracking, developing holes, losing sand, falling off the roof, and otherwise failing.  He had no reasonable way to discover the Shingles

were defective until shortly before filing this Complaint. Plaintiff contacted IKO to make a warranty claim; however, the company refused to honor the warranty.

26.     Defendant IKO Manufacturing Inc. is a Delaware corporation with significant business operations in Kankakee, Illinois, where it manufactures, sells, markets, and services IKO Shingles.

27.     Defendant IKO Industries Ltd. is an Alberta corporation and leading North American manufacturer and distributor of roofing materials and the parent company of Defendant IKO Manufacturing.  IKO Industries Ltd. is the owner of several patents that may apply to the Shingles manufactured by IKO Manufacturing.  The company operates manufacturing plants in Canada, and its Shingles were distributed in the United States.

28.     Defendant IKO Midwest, Inc. is a Delaware corporation with significant business operations located in Kankakee, Illinois.  IKO Midwest, Inc. manufactures, distributes, and sells IKO Shingles throughout the United States.

29.     Defendant IKO Industries, Inc. is a Delaware corporation that imports Canadian-made IKO Shingles to the United States.

30.     Defendant IKO Production, Inc. is a Delaware corporation with significant business operations in Wilmington, Delaware, where it manufactures, distributes, or sells IKO Shingles.

## JURISDICTION AND VENUE

31.     IKO, through its various subsidiaries and affiliates, operates manufacturing plants in the United States, Canada, and Europe and has significant business operations in Kankakee, Illinois, where it manufactures, sells, markets, and services IKO Shingles and has

sufficient contact with Illinois or otherwise intentionally avails itself to the laws and markets

of Illinois, so as to sustain this Court's jurisdiction over Defendant.

32.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because the

vast majority of class members are citizens of a state different from the home state of

Defendant, and, upon information and belief, the amount in controversy exceeds Five Million

Dollars ($5,000,000.00).

33.     Venue is proper in this district pursuant to 28 U.S.C. § 1961 *et seq.* because

IKO's principal place of United States business operations is located in Kankakee, Illinois,

and as such resides within the district.

## <u>CLASS ACTION ALLEGATIONS</u>

34.     This action is brought and may be maintained as a class action pursuant to

Federal Rule of Civil Procedure 23, and case law there under, on behalf of Plaintiffs and all

others similarly situated, with the Class defined as follows:

> All individuals and entities that have owned, own, or acquired
> homes, residences, buildings or other structures physically located
> in the United States, on which organic IKO Shingles are or have
> been installed since 1979.  Organic IKO Shingles is defined as all
> organic Shingles manufactured or distributed by Defendants
> including but not limited to models named: Château, Renaissance
> XL, Aristocrat, Total, Armour Seal, Superplus, Armour Lock,
> Royal Victorian, New Englander, Imperial Seal, Cathedral XL,
> Ultralock 25, Armour Plus 20, Armour Tite, Chateau Ultra
> Shadow, Cathedral XL, Crowne 30, Château East, and Château
> West. Excluded from the Class are Defendant, any entity in which
> Defendant has a controlling interest or which has a controlling
> interest of Defendant, and Defendant's legal representatives,
> assigns and successors.  Also excluded are the judge to who this
> case is assigned and any member of the judge's immediate family.

35.     Alternatively, Plaintiffs may seek certification of stand-alone statewide class

actions where the laws are similar to each of the states in which a named Plaintiff resides.

36.     Plaintiffs reserve the right to re-define the Class prior to class certification.

37.     While the precise number of Class members is unknown to Plaintiffs, upon information and belief, Plaintiffs believe the number is well in excess of 1,000 and the Class could include many thousands such that joinder is impracticable.  The true number of Class members is likely known by Defendant.  Disposition of these claims in single class action will provide substantial benefits to all parties and the Court.

38.     The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, and all Class members, own homes, residences, or other structures on which defective Shingles manufactured by IKO have been installed.  Those Shingles have failed, and will continue to fail, prematurely.  The representative Plaintiffs, like all Class members, have been damaged by IKO's conduct in that they have incurred or will incur the costs of repairing or replacing their roofs and repairing the additional property damaged by the Shingles' premature failure.  Furthermore, the factual bases of IKO's conduct is common to all Class members and represents a common thread of deliberate, fraudulent and negligent misconduct resulting in injury to all members of the Class.

39.     There are numerous questions of law and fact common to Plaintiffs and the Class.  Those questions predominate over any questions that may affect individual Class members, and include the following:

a.  Whether IKO Shingles are defective in that they fail prematurely and are not suitable for use as an exterior roofing product for the length of time advertised, marketed and warranted;

b.  Whether the Shingles are defectively designed or manufactured;

c.  Whether IKO knew or should have known of the defective nature of the Shingles;

d.  Whether the Shingles failed to perform in accordance with the reasonable expectations of ordinary consumers;

e.  Whether the risks of the Shingle's failure outweigh the benefits, if any, of its design;

f.  Whether IKO properly warned consumers about the danger of premature failure;

g.  Whether the Shingles fail to perform as advertised and warranted;

h.  Whether IKO's conduct in marketing and selling its Shingles was unfair and deceptive.

i.  Whether Plaintiffs and the Class are entitled to compensatory, exemplary and statutory damages, and the amount of such damages; and

j.  Whether IKO should be declared financially responsible for notifying all Class members about their defective Shingles and for all damages associated with the incorporation of such Shingles into Class members' homes, residences, buildings, and other structures.

40.     Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting statewide, multistate and national consumer class actions, actions involving defective products, and specifically, actions involving defective construction materials.   Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class they represent, and have the financial

resources to do so.  Neither Plaintiffs nor their counsel have any interest adverse to those of the Class.

41.     Plaintiffs and the members of the Class have suffered and will continue to suffer harm and damages as a result of IKO's conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, the vast majority of the Class members likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law.  Because of the relatively small size of the individual Class member's claims, it is likely that only a few Class members could afford to seek legal redress for IKO's conduct.  Further, the cost of litigation could well equal or exceed any recovery. Absent a class action, Class members will continue to incur damages without remedy.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation, in that class treatment would conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

### ESTOPPEL FROM PLEADING THE STATUTE OF LIMITATIONS

42.     IKO knew the Shingles were defective prior to the time of sale, and intentionally concealed that material information and the truth concerning their product from Plaintiffs and the general public, while continually marketing the Shingles as dependant products.  Defendant's acts of fraudulent concealment include failing to disclose that its Shingles were defectively manufactured and would deteriorate in less than their expect lifetime, leading to damage to the very structures they were purchased to protect.

43.     Because the defects in the Shingles are latent and not detectable until manifestation, Plaintiffs and the Class members were not reasonably able to discover their

13

Shingles were defective and unreliable until after installation, despite their exercise of due diligence.

44.     Plaintiffs had no reasonable way to discover this defect until shortly before Plaintiffs filed their original complaints.

45.     Defendant had a duty to disclose that its Shingles were defective, unreliable and inherently flawed in their design and/or manufacturer.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Negligence)

46.     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

47.     Defendants had a duty to Plaintiffs and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of the Shingles.

48.     Defendants breached their duty to Plaintiffs and the Class by designing, manufacturing, advertising and selling to Plaintiffs and the Class a product that is defective and will fail prematurely, and by failing to promptly remove the Shingles from the marketplace or to take other appropriate remedial action.

49.     Defendants knew or should have known that the Shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by Defendant.

50.     As a direct and proximate cause of Defendants' negligence, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on their homes, residences, buildings and other structures an exterior roofing product that is defective and that fails prematurely due to moisture penetration.  These failures have caused and will continue to

cause Plaintiffs and the Class to incur expenses repairing or replacing their roofs as well as the resultant, progressive property damage.

51.     Plaintiffs on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for establishment of a common fund, plus attorney's fees, interest and costs.

<u>**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**</u>

**(Actionable Misrepresentation)**

52.     Plaintiffs incorporate by reference each of the allegations contained in the proceeding paragraphs of this Complaint.

53.     IKO knew or should have known that its Shingles were defectively designed and/or manufactured, would fail prematurely, were not suitable for their intended use, and otherwise were not as warranted and represented.

54.     IKO fraudulently, negligently, or recklessly concealed from or failed to disclose to Plaintiffs and the Class the defective nature of its Shingles.

55.     IKO had a duty to Plaintiffs and the Class to disclose the defective nature of its Shingles because: (1) IKO was in a superior position to know the true facts about the design and manufacturing defects in its Shingles because the design and manufacturing defects are latent and would not appear until well after installation; (2) IKO made partial disclosures about the quality of its Shingles without revealing their true defective nature; and (3) IKO actively concealed the defective nature of its Shingles from Plaintiffs and the Class.

56.     The facts concealed or not disclosed by IKO to Plaintiffs and the Class are material facts in that a reasonable person would have considered those facts to be important in deciding whether or not to purchase IKO's Shingles.  Had Plaintiffs and the Class known the

defective nature of IKO's Shingles, they would not have purchased them or would have paid less for them.

57.     IKO intentionally, recklessly, or negligently concealed or failed to disclose the true nature of the design and manufacturing defects in its Shingles for the purpose of inducing Plaintiffs and the Class to act thereon, and Plaintiffs and the Class justifiably relied to their detriment upon the truth and completeness of IKO's representations about its Shingles.  This is evidenced by Plaintiffs' and Class members' purchase of IKO Shingles.

58.     IKO continued to conceal the defective nature of its Shingles even after members of the Class began to report problems.  Indeed, IKO continues to cover up and conceal the true nature of the problem.

59.     As a direct and proximate cause of IKO's misconduct, Plaintiffs and the Class have suffered actual damages in that their roofs constructed with IKO Shingles have failed and will continue to fail prematurely, requiring them to expend money to repair or replace their roofs and  repair damage to their underlying property.

60.     As a result of IKO's misconduct, Plaintiffs and the Class are entitled to compensatory damages, attorneys' fees, costs, and interest thereon.

### THIRD CAUSE OF ACTIONAGAINST ALL DEFENDANTS

### (Strict Products Liability)

61.     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

62.     At all relevant times, Defendants were engaged in the business of manufacturing the Shingles which are the subject of this action.

63.     The Shingles were expected to and did reach Plaintiffs and the Class without substantial change to the condition in which they were manufactured and sold by Defendants.

64.     The Shingles installed on Plaintiffs' and the Class members' properties were and are defective and unfit for their intended use.  The use of the Shingles has caused and will continue to cause property damage to Plaintiffs and the Class.

65.     Defendants' Shingles fail to perform in accordance with the reasonable expectations of Plaintiffs, the Class, and ordinary consumers, and the benefits of the design of the Shingles do not outweigh the risk of their failure.

66.     By reason of the foregoing, Defendants are strictly liable to Plaintiffs and the Class.

67.     Plaintiffs on behalf of themselves and all other similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Express Warranty)

68.     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraph of this Complaint.

69.     Defendants marketed and sold their Shingles into the stream of commerce with the intent that the Shingles would be purchased by Plaintiffs and members of the Class.

70.     Defendants expressly warranted that its Shingles are permanent, impact resistant, and would maintain their structural integrity.  Defendants' representatives through its written warranties regarding the durability of, and the quality of the Shingles created

express warranties which became part of the basis of the bargain Plaintiffs and members of the Class entered into when they purchased the Shingles.

71.     Defendants expressly warranted that the structural integrity of the Shingles purchased by Plaintiffs and Class members would last at least 20 years and as long as a lifetime.

72.     Defendants breached their express warranties to Plaintiffs and the Class in that Defendants' Shingles are neither permanent nor impact resistant and did not, and do not, maintain their structural integrity and perform as promised.  Defendants' Shingles crack, split, curl, warp, discolor, delaminate, blow off the roof, deteriorate prematurely, and otherwise do not perform as warranted by Defendants; and they have caused or are causing damage to the underlying roof elements, structures or interiors of Plaintiffs' and Class members' homes, residences, buildings and structures.

73.     Defendants' warranties fail their essential purpose because they purport to warrant that the Shingles will be free from structural breakdown for as much as 20 years to a lifetime when, in fact, Defendants' Shingles fail far short of the applicable warranty period.

74.     Moreover, because the warranties limit Plaintiffs' and Class members' recovery to replacement of the Shingles piece by piece, with replacement labor not included, Defendants' warranties are woefully inadequate to repair and replace failed roofing, let alone any damage suffered to the underlying structure due to the inadequate protection provided by the IKO Shingles.  The remedies available in Defendants' warranties are limited to such an extent that they do not provide a minimum adequate remedy.

75.     The limitations on remedies and the exclusions in Defendants' warranties are unconscionable and unenforceable.

18

76.     Defendant has denied or failed to pay in full the warranty claims or has not responded to warranty claims.

77.     As a result of Defendants' breach of its express warranties, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on their homes and other structures an exterior roofing product that is defective and that has failed or is failing prematurely due to moisture penetration.  This failure has required or is requiring Plaintiffs and the Class to incur significant expense in repairing or replacing their roofs.  Replacement is required to prevent on-going and future damage to the underlying roof elements, structures or interiors of Plaintiffs' and Class members' homes and structures.

78.     Plaintiffs on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Implied Warranty)

79.     Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

80.     At all times mentioned herein, Defendants manufactured or supplied IKO Shingles, and prior to the time said Shingles were purchased by Plaintiffs, Defendants impliedly warranted to Plaintiffs, and to Plaintiffs' agents, that the product was of quality and fit for the use for which it was intended.

81.     Plaintiffs and Plaintiffs' agents relied on the skill and judgment of the Defendants in using the aforesaid product.

82.     The product was unfit for its intended use and it was not of merchantable quality, as warranted by Defendants, in that it had propensities to break down and fail to perform and protect when put to its intended use.  The aforesaid product did cause Plaintiffs to sustain damages as herein alleged.

83.     After Plaintiffs were made aware of Plaintiffs' damages as a result of the aforesaid product, notice was duly given to Defendants of the breach of said warranty.

84.     As a direct and proximate result of the breach of said warranties, Plaintiffs and the Class members suffered and will continue to suffer loss as alleged herein in an amount to be determined at trial.

85.     Plaintiffs on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

**(Violation of Illinois Consumer Fraud and Deceptive Business Practices Act)**

86.     Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint.

87.     The conduct described in this Complaint constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFA"), 815 Ill. Comp. Stat. 505/1 *et seq*, or alternatively, similar laws of the states in which each of the named Plaintiffs resides.

88.     IKO engaged in unfair or deceptive practices in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act  815 Ill. Comp. Stat. 505/1 *et seq.* (2008) (hereinafter, "CFA") when it (1) represented the Shingles were durable and free of defects

when, at best, it lacked credible evidence to support those claims, and, at worst, knew the Shingles would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by IKO; (2) failed to disclose to, or concealed from, consumers material facts about the defective nature of the Shingles; (3) failed to disclose its own knowledge of the defective nature of the Shingles; and (4) limited its warranty obligations in an unfair and unconscionable way in light of its failure to disclose the defective nature of the Shingles.

89.    IKO either knew or should have known its Shingles were defective, would fail prematurely and were not as warranted and represented by Defendants.

90.    IKO's conduct and omissions described herein repeatedly occurred in IKO's trade or business and were capable of deceiving a substantial portion of the consuming public.

91.    The facts concealed or not disclosed by IKO are material facts in that Plaintiffs and any reasonable consumer would have considered those facts important in deciding whether to purchase the Shingles or purchase homes or structures with roofs constructed with the Shingles.  Had Plaintiffs and the Class known the Shingles were defective and would fail prematurely they would not have purchased the Shingles or they would have paid less.

92.    IKO's unlawful conduct is continuing, with no indication that IKO will cease.

93.    As a direct and proximate result of the deceptive, misleading, unfair and unconscionable practices of the Defendants set forth above, Plaintiffs and Class Members are entitled to actual damages, compensatory damages, penalties, attorney's fees and costs as set forth in Section 10a of the CFA.

94.     The Defendants' deceptive, misleading, unfair and unconscionable practices set forth above were done willfully, wantonly and maliciously entitling Plaintiffs and Class members to an award of punitive damages.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Contract)

95.     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

96.     Plaintiffs and the Class members have entered into certain contracts and warranty agreements with Defendants, including an express warranty.  Pursuant to these contracts and agreements, including the express warranty, Defendants would provide Plaintiffs and the Class members with Shingles that were of merchantable quality and fit for the use for which they were intended.  Defendants were further obligated pursuant to the express warranty to repair or replace any defects or problems with the Shingles that Plaintiffs and the Class members experienced.  In exchange for these duties and obligations, Defendants received payment of the purchase price for these Shingles from Plaintiffs and the Class.

97.     Plaintiffs and the Class satisfied their obligations under these contracts, warranties, and agreements.

98.     Defendants failed to perform as required by the express warranty and breached said contracts and agreements because they provided Plaintiffs and the Class with Shingles that were defective and unfit for their intended use and failed to appropriately repair or replace the Shingles.

99.     As a result of the foregoing, Plaintiffs and the Class members are entitled to compensatory damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Fraudulent Concealment)

100.      Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

101.      At all times mentioned herein, Defendants had the duty and obligation to disclose to Plaintiffs the true facts concerning the IKO Shingles; that is that said product was defective and unreliable.  Defendants made the affirmative representations as set forth in this Complaint to Plaintiffs, the Class, and the general public prior to the date Plaintiffs purchased the IKO Shingles, while at the same time concealing the material defects described herein.

102.      At all times mentioned herein, Defendants had the duty and obligation to disclose to Plaintiffs the true facts concerning the IKO Shingles, that is that IKO Shingles were defective, would prematurely fail, and otherwise were not as warranted and represented by Defendants.

103.      At all times mentioned herein, Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiffs and with the intent to defraud as herein alleged.

104.      At all times mentioned herein, Plaintiffs and members of the Class were not aware of the facts set forth above and had they been aware of said facts, they would not have acted as they did, that is, would not have purchased IKO Shingles.

23

105.     As a result of the concealment or suppression of the facts set forth above, Plaintiffs and the Class members sustained damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Unjust Enrichment)

106.     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

107.     Substantial benefits have been conferred on Defendants by Plaintiffs and the Class, and Defendants have enjoyed these benefits.

108.     IKO either knew or should have known that the payments rendered by Plaintiffs and the Class were given and received with the expectation that the IKO Shingles would perform as represented and warranted.  For IKO to retain the benefit of the payments under these circumstances is inequitable.

109.     Defendants' acceptance and retention of these benefits under the circumstances make it inequitable for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class.

110.     As a result of IKO's wrongful conduct, Plaintiffs and the Class are entitled to restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by IKO, plus attorneys' fees, costs, and interest thereon.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request the Court to enter judgment against IKO, as follows:

24

A.      Enter an order certifying the proposed Class, designating Plaintiffs as the named Class Representatives of the Class, and designating the undersigned as Class Counsel;

B.      Declare that IKO is financially responsible for notifying all Class members of the problems with IKO products;

C.      Enter an order enjoining IKO from further deceptive advertising, marketing, distribution, and sales practices with respect to IKO products, and requiring IKO to remove and replace Plaintiffs' and Class members' roofs with a suitable alternative roofing material of Plaintiffs' and Class members' choosing;

D.      Enter an award to Plaintiffs and the Class that includes compensatory, exemplary or punitive damages, and statutory damages, including interest thereon, in an amount to be proven at trial;

E.      Declare that IKO must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of IKO materials, or order IKO to make full restitution to Plaintiffs and the members of the Class;

F.      Enter an award of attorneys' fees and costs, as allowed by law;

G.      Enter an award of pre-judgment and post-judgment interest, as provided by law;

H.      Grant Plaintiffs and the Class leave to amend the Complaint to conform to the evidence produced at trial; and

I.      Grant such other or further relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the members of the Class, hereby demand a trial by jury of any and all issues in this action so triable.

Dated:  April 12, 2010

/s Jon D. Robinson            .
Jon D. Robinson
Christopher M. Ellis
BOLEN ROBINSON &
ELLIS
2nd Floor
202 South Franklin
Decatur, IL 62523
(217) 429-4296
(217) 329-0034 (fax)
**Plaintiffs' Liaison Counsel**

Robert K. Shelquist
LOCKRIDGE GRINDAL
NAUEN PLLP
Suite 2200
100 Washington Avenue
South
Minneapolis, MN 55401
(612) 339-6900
(612) 339-0981 (fax)
**Co-Lead Counsel**

Clayton D. Halunen
Shawn J. Wanta
HALUNEN & ASSOCIATES
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 605-4098
(612) 605-4099 (fax)
**Co-Lead Counsel**

Charles E. Schaffer
Arnold Levin
LEVIN FISHBEIN
SEDRAN & BERMAN
Suite 500
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 (fax)
**Co-Lead Counsel**

Michael A. McShane
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.576.1776
**Co-Chair of the Executive Committee**

Charles J. LaDuca
Brendan S. Thompson
CUNEO GILBERT & LADUCA
507 C Street
Washington, DC 20002
(202) 789-3960
(202) 789-1813 (fax)
**Co-Chair of the Executive Committee**

Michael J. Flannery
CAREY & DANIS LLC
8235 Forsyth Boulevard - Suite 1100
St. Louis, MO 63105-3786
(314) 725-7700
(314) 721-0905 (fax)
**Executive Committee Member**

Kim D. Stephens
Nancy A. Pacharzina
TOUSLEY BRAIN STEPHENS
1700 Seventh Avenue - Suite 2200
Seattle, WA 98101
(206) 682-5600
(206) 682-2992 (fax)
**Executive Committee Member**

**ATTORNEYS FOR THE NAMED PLAINTIFFS**